**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

_____ District of  Delaware
                                (State)

Case number *(If known)*: 19-_____   Chapter  11

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy   04/16

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | **Debtor's name** | Hexion CI Holding Company (China) LLC |
| 2. | **All other names debtor used in the last 8 years**  Include any assumed names, trade names, and *doing business as* names | Momentive CI Holding Company (China) LLC |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | 2 0 – 3 9 0 7 4 4 1 |

4. **Debtor's address**

| **Principal place of business** | **Mailing address, if different from principal place of business** |
|---|---|
| 180 East Broad Street | |
| Number      Street | Number      Street |
| Columbus, Ohio  43215 | |
| City         State    ZIP Code | City         State    ZIP Code |
| | **Location of principal assets, if different from principal place of business** |
| Franklin | |
| County | Number      Street |
| | |
| | City         State    ZIP Code |

5. **Debtor's website** (URL)   _____

6. **Type of debtor**
   ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
   ☐ Partnership (excluding LLP)
   ☐ Other. Specify: _____

Debtor  Hexion CI Holding Company (China) LLC           Case number *(if known)* _____
        Name

| 7. | Describe debtor's business |

A. *Check one:*
- ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
- ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
- ☐ Railroad (as defined in 11 U.S.C. § 101(44))
- ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
- ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
- ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
- ☒ None of the above

B. *Check all that apply:*
- ☐ Tax-exempt entity (as described in 26 U.S.C. § 501)
- ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)
- ☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.

3  2  5  1

| 8. | Under which chapter of the Bankruptcy Code is the debtor filing? |

*Check one:*
- ☐ Chapter 7
- ☐ Chapter 9
- ☒ Chapter 11.  *Check all that apply:*
  - ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,566,050 on a consolidated basis (amount subject to adjustment on 4/01/19 and every 3 years after that).
  - ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
  - ☐ A plan is being filed with this petition.
  - ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).
  - ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.
  - ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.
- ☐ Chapter 12

| 9. | Were prior bankruptcy cases filed by or against the debtor within the last 8 years? If more than 2 cases, attach a separate list. | ☒ No<br>☐ Yes.  District _____ When _____ Case number _____<br>                                     MM / DD / YYY<br>                 District _____ When _____ Case number _____<br>                                     MM / DD / YYY |

| 10. | Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?<br><br>List all cases. If more than 1, attach a separate list. | ☐ No<br>☒ Yes.  Debtor  See Attachment 1.            Relationship  Affiliate<br><br>         District  Delaware               When  Date hereof<br>                                              MM / DD / YYY<br>         Case number, if known  _____ |

Official Form 201    Voluntary Petition for Non-Individuals Filing for Bankruptcy    page 2

Debtor  Hexion CI Holding Company (China) LLC  
       Name

Case number *(if known)* _____

**11. Why is the case filed in *this district*?**

*Check all that apply:*

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒[1] No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** *(Check all that apply.)*

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
  What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
    Number    Street

_____
City     State     ZIP Code

**Is the property insured?**

☐ No.

☐ Yes. Insurance agency _____

Contact name _____

Phone _____

---

### Statistical and administrative information

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

*Consolidated for all Debtors

☐ 1-49　　　　　☒ 1,000-5,000　　　　☐ 25,001-50,000
☐ 50-99　　　　 ☐ 5,001-10,000　　　 ☐ 50,001-100,000
☐ 100-199　　　 ☐ 10,001-25,000　　　☐ More than 100,000
☐ 200-999

**15. Estimated assets**

*Consolidated for all Debtors

☐ $0-$50,000　　　　　　☐ $1,000,001-$10 million　　　☐ $500,000,001-$1 billion
☐ $50,001-$100,000　　　☐ $10,000,001-$50 million　　 ☒ $1,000,000,001-$10 billion
☐ $100,001-$500,000　　 ☐ $50,000,001-$100 million　　☐ $10,000,000,001-$50 billion
☐ $500,001-$1 million　 ☐ $100,000,001-$500 million　 ☐ More than $50 billion

---

[1] The Debtor does not believe it owns or possesses any real or personal property that poses or is alleged to pose a threat of imminent and identifiable harm to the public health or safety.

Debtor   Hexion CI Holding Company (China) LLC  
         Name

Case number *(if known)* _____

### 16. Estimated liabilities
*Consolidated for all Debtors

- ☐ $0-$50,000
- ☐ $50,001-$100,000
- ☐ $100,001-$500,000
- ☐ $500,001-$1 million
- ☐ $1,000,001-$10 million
- ☐ $10,000,001-$50 million
- ☐ $50,000,001-$100 million
- ☐ $100,000,001-$500 million
- ☐ $500,000,001-$1 billion
- ☒ $1,000,000,001-$10 billion
- ☐ $10,000,000,001-$50 billion
- ☐ More than $50 billion

## Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### 17. Declaration and signature of authorized representative of debtor

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____  
MM / DD / YYYY

X */s/ George F. Knight III*  
Signature of authorized representative of debtor

George F. Knight, III  
Printed name

Title   Executive Vice President

### 18. Signature of attorney

X */s/ Michael J. Merchant*  
Signature of attorney for debtor

Date  4/1/19  
MM / DD / YYYY

Michael J. Merchant  
Printed Name

Richards, Layton & Finger, P.A.  
Firm name

One Rodney Square, 920 North King Street  
Number          Street

Wilmington                    Delaware       19801  
City                          State          Zip Code

(302) 651-7700                merchant@rlf.com  
Contact phone                 Email address

No. 3854                      Delaware  
Bar number                    State

## ATTACHMENT 1 TO VOLUNTARY PETITION

On the date hereof, each of the affiliated entities listed below (collectively, the "*Debtors*") will file or has filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532, in the United States Bankruptcy Court for the District of Delaware (the "*Court*"). Contemporaneously with the filing of their voluntary petitions, the Debtors are filing a motion with the Court requesting that their chapter 11 cases be consolidated for procedural purposes only and jointly administered.

| Debtor Name | Federal EIN |
|---|---|
| Hexion Holdings LLC | 27-4076842 |
| Hexion LLC | 20-2918090 |
| Hexion Inc. | 13-0511250 |
| Lawter International Inc. | 36-1370818 |
| Hexion CI Holding Company (China) LLC | 20-3907441 |
| Hexion Nimbus Inc. | 26-1604409 |
| Hexion Nimbus Asset Holdings LLC | 26-1604409 |
| Hexion Deer Park LLC | 82-4638302 |
| Hexion VAD LLC | 83-1686340 |
| Hexion 2 U.S. Finance Corp. | 20-5752643 |
| Hexion HSM Holdings LLC | 83-0867131 |
| Hexion Investments Inc. | 51-0370359 |
| Hexion International Inc. | 20-2833048 |
| North American Sugar Industries Incorporated | 13-1639735 |
| Cuban-American Mercantile Corporation | 13-1639734 |
| The West India Company | 13-1642288 |
| NL Coop Holdings LLC | 27-2090696 |
| Hexion Nova Scotia Finance, ULC | N/A |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

---------------------------------------------------------------------------------- x
In re:                                                          :    Chapter 11
                                                                :
HEXION HOLDINGS LLC, et al.,[1]                                 :    Case No. 19-_____ ( )
                                                                :
                     Debtors.                                   :    Joint Administration Requested
---------------------------------------------------------------------------------- x

**CONSOLIDATED LIST OF CREDITORS
HOLDING 30 LARGEST UNSECURED CLAIMS**

The above-captioned debtors and debtors in possession (collectively, the "**Debtors**") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C §§ 101-1532 (the "**Bankruptcy Code**"). Pursuant to Federal Rule of Bankruptcy Procedure 1007(d), the following is a consolidated list of the Debtors' creditors holding the thirty (30) largest unsecured claims (the "**Creditor List**") based on the Debtors' unaudited books and records as of March 8, 2019.

The Creditor List does not include (i) persons that come within the definition of "insider" set forth in 11 U.S.C. § 101(31) or (ii) secured creditors unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the 30 largest unsecured claims.

The information contained herein shall not constitute an admission of liability by, nor is it binding on, the Debtors. Moreover, nothing herein shall affect the Debtors' rights to challenge the amount or characterization of any claim at a later date. The failure to list a claim as contingent, unliquidated or disputed does not constitute a waiver of the Debtors' rights to contest the validity, priority and/or amount of any such claim at a later date.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are Hexion Holdings LLC (6842); Hexion LLC (8090); Hexion Inc. (1250); Lawter International Inc. (0818); Hexion CI Holding Company (China) LLC (7441); Hexion Nimbus Inc. (4409); Hexion Nimbus Asset Holdings LLC (4409); Hexion Deer Park LLC (8302); Hexion VAD LLC (6340); Hexion 2 U.S. Finance Corp. (2643); Hexion HSM Holdings LLC (7131); Hexion Investments Inc. (0359); Hexion International Inc. (3048); North American Sugar Industries Incorporated (9735); Cuban-American Mercantile Corporation (9734); The West India Company (2288); NL Coop Holdings LLC (0696); and Hexion Nova Scotia Finance, ULC (N/A). The address of the Debtors' corporate headquarters is 180 East Broad Street, Columbus, Ohio 43215.

Debtor name: Hexion Holdings LLC, et al.

United States Bankruptcy Court for the District of Delaware

Case number (If known):   19-

☐ Check if this is an amended filing

# Official Form 204
## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders

12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider,* as defined in 11 U.S.C. § 101(31).  Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim<br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | Wilmington Trust, National Association<br>50 South Sixth St, Ste 1290<br>Minneapolis, MN 55402-1544 | Jane Schweiger<br>Tel: 612-217-5632<br>Fax: 612-217-5651<br>Email: jschweiger@wilmingtontrust.com | 10.375% First-Priority Senior Secured Notes due 2022 | | $560,000,000 | Unknown | Unknown |
| 2 | Wilmington Trust, National Association<br>50 South 6th St, Ste 1290<br>Minneapolis, MN 55402-1544 | Jane Schweiger<br>Tel: 612-217-5632<br>Fax: 612-217-5651<br>Email: jschweiger@wilmingtontrust.com | 10.000% First-Priority Senior Secured Notes due 2020 | | $315,000,000 | Unknown | Unknown |
| 3 | Wilmington Trust, National Association<br>50 South 6th St, Ste 1290<br>Minneapolis, MN 55402-1544 | Jane Schweiger<br>Tel: 612-217-5632<br>Fax: 612-217-5651<br>Email: jschweiger@wilmingtontrust.com | 6.625% First-Priority Senior Secured Notes due 2020 | | $1,550,000,000 | Unknown | Unknown |
| 4 | Wilmington Savings Fund Society, FSB<br>500 Delaware Avenue<br>Wilmington, DE 19801 | Patrick Healy<br>Tel: 302-792-6009<br>Fax: 302-421-9137<br>Email: phealy@wsfbank.com | 13.75% Senior Secured Notes due 2022 | | $225,000,000 | Unknown | Unknown |
| 5 | Wilmington Trust, National Association<br>50 South 6th St, Ste 1290<br>Minneapolis, MN 55402-1544 | Jane Schweiger<br>Tel: 612-217-5632<br>Fax: 612-217-5651<br>Email: jschweiger@wilmingtontrust.com | 9.00% Second-Priority Senior Secured Notes due 2020 | | $574,016,000 | Unknown | Unknown |

Debtor    Hexion Holdings LLC, et al.                                    Case number (*if known*)_____
          Name

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim<br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 6 | Bny Mellon Corporate Trust<br>500 Ross Street, 12th Floor<br>AIM # 154-1275<br>Pittsburgh, PA 15262 | Raymond O'Neill<br>Tel: 412-236-1201<br>Email: raymond.k.oneil@bnymellon.com | 9.2% Borden Debentures due 2021 | | | | $74,000,000 |
| 7 | Bny Mellon Corporate Trust<br>500 Ross Street, 12th Floor<br>AIM # 154-1275<br>Pittsburgh, PA 15262 | Raymond O'Neill<br>Tel: 412-236-1201<br>Email: raymond.k.oneil@bnymellon.com | 7.875% Borden Debentures due 2023 | | | | $189,000,000 |
| 8 | Blue Cube Operations LLC<br>33163 Collection Ctr Dr<br>Chicago, IL 60693-0331 | Davor Safor<br>Tel: 302-373-2400<br>Email: dsafar@olinbc.com | Trade Vendor | | | | $7,035,673.00 |
| 9 | Southern Chemical<br>2 Northpoint Dr, Ste 975<br>Houston, TX 77060 | Jan Spin<br>Tel: 832-448-7100<br>Fax: 832-448-7102<br>Email: jspin@southernchemical.com | Trade Vendor | | | | $7,018,791.00 |
| 10 | Mitsubishi<br>655 3rd Ave, 19th Fl<br>New York, NY 10017 | Mark Vassar<br>Tel: 212-687-9030<br>Fax: 212-687-2810<br>Email: mvassar@mgc-a.com | Trade Vendor | | | | $5,847,094.00 |
| 11 | OCI<br>11767 Katy Freeway, Ste 1140<br>Houston, TX 77079-1731 | Sergio Quadros<br>Tel: 832-372-0001-106<br>Fax: 832-379-0002<br>Email: sergio.quadros@ocinitrogen.com | Trade Vendor | | | | $3,789,381.00 |
| 12 | Dystar LP<br>9844 A Southern Pine Blvd<br>Charlotte, NC 28273C | Ron Pedemonte<br>Tel: 704-561-3031<br>Fax: 704-561-3006<br>Email: ron.pedemonte@dystar.com | Trade Vendor | | | | $3,610,843.00 |

**Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims**

Debtor     Hexion Holdings LLC, et al.                              Case number (*if known*)_____
           Name

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim<br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 13 | Methanex<br>135 South Lasalle St, Dept 2927<br>Chicago, IL 60606 | Karine Delbarre<br>Tel: 972-702-0909<br>Fax: 972-702-0910<br>Email: kdelbarre@methanex.com | Trade Vendor | | | | $3,549,397.00 |
| 14 | HA International LLC<br>630 Oakmont Ln<br>Westmont, IL 60559 | Mike Feehan<br>Tel: 630-575-5700<br>Fax: 630-575-5811<br>Email: mike.feehan@ha-international.com | Trade Vendor | | | | $2,054,659.00 |
| 15 | Occidental Chemical<br>P.O. Box 360472M<br>Pittsburgh, PA 15251 | Kevin Connors<br>Tel: 800-699-0324<br>Fax: 713-985-1491<br>Email: kevin_m_connors@oxy.com | Trade Vendor | | | | $1,862,816.00 |
| 16 | Sumitomo Corp of Americas<br>91021 Collections Ctl Dr<br>Chicago, IL 60693 | Kurt Yoshikawa<br>Tel: 713-653-8491<br>Fax: 713-653-8472<br>Email: kei.yoshikawa@sumitomocorp.com | Trade Vendor | | | | $1,765,885.00 |
| 17 | Univar USA Inc<br>13009 Collections Ctr Dr<br>Chicago, IL 75284-9027 | Roger Landmann<br>Tel: 800-234-4588<br>Fax: 208-467-2650<br>Email: roger.landmann@univar.com | Trade Vendor | | | | $1,725,959.00 |
| 18 | Grief Inc<br>P.O. Box 88879<br>Chicago, IL 60695-1879 | Louis Villasor<br>Tel: 281-216-8236<br>Email: louis.villasor@greif.com | Trade Vendor | | | | $1,550,502.00 |
| 19 | Advansix, Inc.<br>115 Tabor Dr<br>Morris Plains, NJ 07950-2546 | Paul Sanders<br>Tel: 973-727-0143<br>Email: paul.sanders@advan6.com | Trade Vendor | | | | $1,388,543.00 |
| 20 | Altivia Petrochemicals LLC<br>1100 Louisiana St, Ste 4800<br>Houston, Tx 77002-5227 | Tim Duhe<br>Tel: 713-658-9000<br>Fax: 713-658-0102<br>Email: tdune@altivia.com | Trade Vendor | | | | $1,261,538.00 |

Debtor     Hexion Holdings LLC, et al.  
        Name

Case number (*if known*)_____

| # | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 21 | BASF Corp<br>P.O. Box 360941<br>Pittsburgh, PA 15251-6941 | Justine Smith<br>Tel: 973-245-6211<br>Email: justine.smith@basf.com | Trade Vendor | | | | $1,235,802.00 |
| 22 | Waxian International LLC<br>1 Engle St, Ste 204<br>Englewood, NJ 07631 | Sean Fales<br>Tel: 201-494-4533<br>Fax: 201-494-4534<br>Email: sean.fales@waxianinternational.com | Trade Vendor | | | | $1,159,285.00 |
| 23 | Wanhua Chemical (America) Co Ltd<br>3803 W Chester Pike, Ste 240<br>Newtown Square, PA 19073 | Matthew Kalesza<br>Tel: 302-7662954<br>Fax: 973-939-8400<br>Email: matthew.kalesza@us.whchem.com | Trade Vendor | | | | $1,117,862.00 |
| 24 | Dana Transport Inc<br>210 Essex Ave E<br>Avenel, NJ 07001 | Rita Datzek<br>Tel: 317-841-4200<br>Fax: 317-841-8259<br>Email: rdatzek@liquidtransport.com | Trade Vendor | | | | $1,111,555.00 |
| 25 | Schuetz Container Systems Inc<br>P.O. Box 416434<br>Boston, MA 02241-6434 | John Millard<br>Tel: 508-965-8296<br>Email: John.millard@schuetz.com | Trade Vendor | | | | $1,049,189.00 |
| 26 | Quality Carriers Inc<br>1910 Sheldon Rd<br>Channelview, TX 77530 | Gary Enzor<br>Tel: 973-445-0239<br>Fax: 832-213-1593<br>Email: genzor@qualitydistribution.com | Trade Vendor | | | | $991,328.00 |
| 27 | Agrium US Inc<br>36494 Treasury Ctr<br>Chicago, IL 60694-3600 | Troy Erng<br>Tel: 877-700-5490<br>Fax: 888-255-2088<br>Email: troy.erny@Nutrion.com | Trade Vendor | | | | $978,705.00 |
| 28 | Slay Transportation Co Inc<br>75 Remittance Dr, Ste 6650<br>Chicago, IL 60675-6650 | Shannon Greene<br>Tel: 314-647-7529<br>Email: sgreene@slay.com | Trade Vendor | | | | $945,631.00 |
| 29 | Cornerstone Chemical Co<br>10800 River Rd<br>Waggaman, LA 70094 | Mike Driscoll<br>Tel: 800-236-0977<br>Fax: 504-431-6689<br>Email: mike.driscoll@cornerstonechemco.com | Trade Vendor | | | | $940,638.00 |
| 30 | CF Industries Sales<br>P.O. Box 95854<br>Chicago, IL 60694-5854 | Brett Nightingale<br>Tel: 847-405-2400<br>Fax: 813-943-4829<br>Email: bnitingale@cfindustries.com | Trade Vendor | | | | $869,014.00 |

**Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| HEXION CI HOLDING COMPANY (CHINA) LLC | Case No. 19-_____ ( ) |
| | TAX ID NO. 20-3907441 |
| 180 E. Broad Street | |
| Columbus, OH 43215 | |
| Debtor. | |

## CORPORATE OWNERSHIP STATEMENT

The following is the list of entities that directly or indirectly own 10% or more of any class of the above-captioned debtor's equity interests. This list has been prepared in accordance with Fed. R. Bankr. P. 1007(a)(1) and Fed. R. Bankr. P. 7007.1 for filing in this chapter 11 case.

| Shareholder | Approximate Percentage of Units Held |
|---|---|
| Lawter International Inc. | 100% |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| HEXION CI HOLDING COMPANY (CHINA) LLC | : | Case No. 19-_____ (   ) |
| | : | |
| | : | TAX ID NO. 20-3907441 |
| 180 E. Broad Street | : | |
| Columbus, OH 43215 | : | |
| Debtor. | : | |

## LIST OF EQUITY SECURITY HOLDERS

      The following is a list of the above-captioned debtor's equity security holders. This list has been prepared in accordance with Fed. R. Bankr. P. 1007(a)(3) for filing in this chapter 11 case.

| Equity Holder | Address | Ownership |
|---|---|---|
| Lawter International Inc. | 180 E. Broad Street<br>Columbus, OH 43215 | 100% |

**Fill in this information to identify the case and this filing:**

Debtor Name __Hexion CI Holding Company (China) LLC__

United States Bankruptcy Court for the District of Delaware

Case number *(if known)*: 19-_____

Official Form 202
**Declaration Under Penalty of Perjury for Non-Individual Debtors**　　　　12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership, or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets-Real and Personal Property* (Official Form 206A/B)
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ☐ *Schedule H: Codebtors* (Official Form 206H)
- ☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ *Amended Schedule* ___
- ☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☒ Other document that requires a declaration __Corporate Ownership Statement; List of Equity Security Holders__

I declare under penalty of perjury that the foregoing is true and correct.

Executed on　__4/1/2019__　　　X　*George F. Knight III*
　　　　　　　MM/DD/YYYY　　　　　Signature of individual on behalf of debtor

　　　　　　　　　　　　　　　　　George F. Knight, III
　　　　　　　　　　　　　　　　　Printed name

　　　　　　　　　　　　　　　　　Executive Vice President
　　　　　　　　　　　　　　　　　Position or relationship to debtor

Official Form 202　　**Declaration Under Penalty of Perjury for Non-Individual Debtors**　　Page 1

## HEXION CI HOLDING COMPANY (CHINA) LLC
(a Delaware limited liability company)

### Written Consent of the Sole Member

### March 31, 2019

The undersigned, being the sole member (the "**Member**") of Hexion CI Holding Company (China) LLC, a Delaware limited liability company (the "**Company**"), acting pursuant to Section 18-302(d) of the Limited Liability Company Act of the State of Delaware, as amended (the "**Act**"), the Company's Limited Liability Company Agreement, as amended and/or other organizational documents of the Company, hereby consents to, authorizes and adopts the following written consent:

**WHEREAS**, the Member has reviewed and analyzed the materials presented by management and the outside financial and legal advisors of the Company regarding the financial condition, capital structure, liquidity position, business model and projections, short-term and long-term prospects of the Company, the restructuring and other strategic alternatives available to it, and the impact of the foregoing on the Company's businesses;

**WHEREAS**, the Member has reviewed and evaluated the proposed Restructuring Support Agreement (substantially in the form presented to the Member at the meeting held on March 31, 2019, the "**RSA**"), by and among the Company and certain of its affiliates (collectively, the "**Hexion Parties**"), certain of their creditors and certain other parties and the transactions contemplated thereby; and

**WHEREAS**, the Member has determined that it is desirable and in the best interests of the Company, its creditors, its unitholders and its other stakeholders generally that the Company file a petition for relief under the provisions of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**").

### Voluntary Petition Under the Provisions of Chapter 11 of the Bankruptcy Code

**BE IT RESOLVED**, that the Company is hereby authorized to file or cause to be filed a voluntary petition for relief under the provisions of chapter 11 of the Bankruptcy Code (the bankruptcy case commenced by such petition, together with the bankruptcy cases of the other Hexion Parties, being referred to as the "**Chapter 11 Cases**");

**BE IT FURTHER RESOLVED**, that the President, the Secretary, the Treasurer, Vice Presidents and other officers of the Company (collectively, the "**Authorized Officers**") be, and each of them acting alone hereby is, authorized to execute and verify such petition of the Company in the name of the Company under chapter 11 of the Bankruptcy Code and to cause the same to be filed with the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**"), in such form and at such time as the Authorized Officer executing such petition shall determine; and

**BE IT FURTHER RESOLVED**, that the Authorized Officers be, and each of them hereby is, authorized to execute and file, or cause to be filed (or direct others to do so on their behalf as provided herein) with the Bankruptcy Court, on behalf of the Company, all petitions, affidavits, schedules, motions, lists, applications, pleadings, and other necessary papers or documents, including any amendments thereto, and, in connection therewith, to employ and retain all assistance by legal counsel, financial advisors, accountants, or other professionals and to take any and all actions that they deem necessary or proper to obtain such chapter 11 bankruptcy relief, and to take any necessary steps to coordinate and effectuate each of the Chapter 11 Cases.

**Restructuring Support Agreement**

**BE IT RESOLVED**, that under the totality of the circumstances, the agreements reflected in the RSA are in the best interests of the Company and the Member hereby authorizes and approves the Company to document, execute, and deliver the RSA;

**BE IT FURTHER RESOLVED**, that each other agreement, document, and instrument contemplated by the RSA to be executed or delivered by the Company is hereby authorized and approved; and

**BE IT FURTHER RESOLVED**, that the Authorized Officers be, and each of them hereby is, authorized, empowered, and directed, in the name and on behalf of the Company, to document, execute, and deliver the RSA, as the same may be amended, supplemented, or modified, as such Authorized Officers may consider necessary, proper, or desirable, and in the best interests of the Company and its stakeholders generally, consistent with the intent of these resolutions, the execution thereof by such Authorized Officers to be conclusive evidence of such determination, and to negotiate, document, execute, and deliver such other documents and to take any and all such further action which such Authorized Officer determines to be necessary or appropriate in order to effectuate the general intent of the foregoing resolutions; provided, that the Authorized Officers shall not approve any material amendments, supplements, or modifications to, or other amendments, supplements, or modifications that are generally inconsistent with, the RSA without the prior approval of the Member.

**Debtor-in-Possession Financing and Use of Cash Collateral**

**BE IT RESOLVED**, that in connection with the Chapter 11 Case, it is in the best interest of the Company to engage in, and the Company will obtain benefits from, the lending transactions (the "**Debtor-in-Possession Financing**") under that certain (a) senior secured debtor-in-possession asset-based revolving credit facility in an aggregate principal amount of $350,000,000 to be evidenced by that certain Amended and Restated Senior Secured Debtor-in-Possession Asset-Based Revolving Credit Agreement, dated on or about March 31, 2019, to be entered into by and among certain of the Hexion Parties, the lenders party thereto, JPMorgan Chase Bank, N.A. (as administrative agent, collateral agent, swingline lender and initial issuing bank), and JPMorgan Chase Bank, N.A., Credit Suisse Securities (USA) LLC, Credit Suisse Cayman Islands Branch and Citigroup Global Markets Inc. (as joint lead arrangers and bookrunners) (the "**DIP ABL Credit Agreement**"), and (b) senior secured term loan facility in an aggregate principal amount of $350,000,000, dated on or about March 31, 2019, to be entered into by and among certain of

the Hexion Parties (including Hexion International Holdings B.V. ("**Hexion B.V.**"), as borrower), the lenders party thereto, and JPMorgan Chase Bank, N.A. as administrative agent (the "**DIP Term Loan Credit Agreement**" and, together with the DIP ABL Credit Agreement, the "**DIP Credit Agreements**"), in each case subject to approval by the Bankruptcy Court, which Debtor-in-Possession Financing is necessary and appropriate to the conduct, promotion and attainment of the business of the Company;

**BE IT RESOLVED**, that the form, terms and provisions of each of (i) the DIP Credit Agreements, substantially in the form presented to the Member, including the use of proceeds to provide liquidity for the Company throughout the Chapter 11 Case, substantially on the terms and conditions set forth in the DIP Credit Agreements, and (ii) any and all of the other agreements, including, without limitation, that certain intercompany note between Hexion Inc., as borrower, and Hexion B.V., as lender, pursuant to which Hexion B.V. will loan the proceeds of the Debtor-in-Possession Financing extended under the DIP Term Loan Credit Agreement to Hexion Inc. (the "**Intercompany Note**"), any guarantee and security agreement, reaffirmations of guarantees, reaffirmations of security, certificates, documents and instruments authorized, executed, delivered, reaffirmed, verified and/or filed in connection with the Debtor-in-Possession Financing (together with the DIP Credit Agreements, collectively, the "**DIP Financing Documents**") and the Company's performance of its obligations thereunder are hereby, in all respects confirmed, ratified and approved;

**BE IT RESOLVED**, that each of the Authorized Officers, acting alone or with one or more other Authorized Officers, is hereby authorized, empowered, and directed, in the name and on behalf of the Company, to cause the Company to negotiate and approve the terms, provisions of and performance of, and to prepare, execute and deliver the DIP Financing Documents to which it is a party, in the name and on behalf of the Company under its corporate seal or otherwise, and such other documents, agreements, instruments and certificates as may be required by the Agent or required by the the DIP Credit Agreements and any other DIP Financing Documents;

**BE IT RESOLVED**, that the Company be, and hereby is, authorized to incur the obligations and to undertake any and all related transactions contemplated under the DIP Financing Documents (collectively, the "**DIP Financing Transactions**");

**BE IT RESOLVED**, that each of the Authorized Officers, acting alone or with one or more other Authorized Officers, is hereby authorized to grant security interests in, and liens on, any and all property of the Company as collateral pursuant to the DIP Financing Documents to secure all of the obligations and liabilities of the Company thereunder to the agents and lenders thereunder, and to authorize, execute, verify, file and/or deliver to the Agent, on behalf of the Company, all agreements, documents and instruments required by the Lenders in connection with the foregoing;

**BE IT RESOLVED**, that each of the Authorized Officers, acting alone or with one or more other Authorized Officers, is hereby authorized, empowered, and directed, in the name and on behalf of the Company, to take all such further actions including, without limitation, to pay all fees and expenses, in accordance with the terms of the DIP Financing Documents, which shall, in such Authorized Officer's sole judgment, be necessary, proper or advisable to perform the

Company's obligations under or in connection with the DIP Financing Documents and the transactions contemplated therein and to carry out fully the intent of the foregoing resolutions;

**BE IT RESOLVED**, that each of the Authorized Officers, acting alone or with one or more other Authorized Officers, is hereby authorized, empowered, and directed, in the name and on behalf of the Company, to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions and extensions of the DIP Credit Agreements and/or any of the DIP Financing Documents which shall, in such Authorized Officer's sole judgment, be necessary, proper or advisable;

**BE IT RESOLVED**, that, in connection with the commencement of the Chapter 11 Cases, each of the Authorized Officers, acting alone or with one or more other Authorized Officers, is authorized to seek approval from the Bankruptcy Court of an order in interim and final forms, to (i) enter into and implement in all respects the transactions contemplated by the DIP Financing Documents, including the incurrence of obligations under, and granting of liens to secure, the Debtor-in-Possession Financing, and (ii) continue to use the cash collateral and other collateral under the Company's secured credit facilities in the ordinary course of business (a "**DIP/Cash Collateral Order**"), as contemplated by, and agreed to in, the DIP Financing Documents, and each of the Authorized Officers be, and hereby are, authorized, empowered, and directed to negotiate, execute, and deliver any and all agreements, instruments, or documents, by or on behalf of the Company, necessary to implement the DIP/Cash Collateral Order, as well as any additional or further agreements for the use of cash collateral in connection with the Chapter 11 Cases, which agreement(s) may require the Company to grant liens to the Company's existing lenders, and each other agreement, instrument, or document to be executed and delivered in connection therewith, by or on behalf of the Company pursuant thereto or in connection therewith, all with such changes therein and additions thereto as any Authorized Officer approves, such approval to be conclusively evidenced by the taking of such action or by the execution and delivery thereof.

**Retention of Professionals**

**BE IT RESOLVED**, that the Authorized Officers be, and each of them hereby is, authorized and directed, on behalf of and in the name of the Company, to employ the law firm of Latham & Watkins LLP to represent and advise the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations, including filing any pleadings, in connection with the Chapter 11 Cases, and the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon filing of the Chapter 11 Cases, and cause to be filed an appropriate application with the Bankruptcy Court for authority to retain the services of Latham & Watkins LLP;

**BE IT FURTHER RESOLVED**, that the Authorized Officers be, and each of them hereby is, authorized and directed, on behalf of and in the name of the Company, to employ the law firm of Richards, Layton & Finger, P.A. to represent and advise the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations in connection with the Chapter 11 Cases, and the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Chapter 11 Cases, and cause to be filed

an appropriate application with the Bankruptcy Court for authority to retain the services of Richards, Layton & Finger, P.A.;

**BE IT FURTHER RESOLVED**, that the Authorized Officers be, and each of them hereby is, authorized and directed, on behalf of and in the name of the Company, to employ the firm of Moelis & Company LLC, as financial advisor, to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations in connection with the Chapter 11 Cases, and the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Chapter 11 Cases, and cause to be filed an appropriate application with the Bankruptcy Court for authority to retain the services of Moelis & Company LLC;

**BE IT FURTHER RESOLVED**, that the Authorized Officers be, and each of them hereby is, authorized and directed, on behalf of and in the name of the Company, to employ the firm of AlixPartners, LLP, as restructuring advisor, to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations in connection with the Chapter 11 Cases, and the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Chapter 11 Cases, and cause to be filed an appropriate application with the Bankruptcy Court for authority to retain the services of AlixPartners, LLP;

**BE IT FURTHER RESOLVED**, that the Authorized Officers be, and each of them hereby is, authorized and directed, on behalf of and in the name of the Company, to employ the firm of Omni Management Group, as claims, noticing, soliciting, and balloting agent, to assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations in connection with the Chapter 11 Cases, and the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Chapter 11 Cases, and cause to be filed an appropriate application with the Bankruptcy Court for authority to retain the services of Omni Management Group; and

**BE IT FURTHER RESOLVED**, that the Authorized Officers be, and each of them hereby is, authorized and directed, on behalf of and in the name of the Company, to employ any other professionals necessary to assist the Company in carrying out its duties under the Bankruptcy Code; and in connection therewith, the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to or immediately upon the filing of the Chapter 11 Cases and cause to be filed appropriate applications with the Bankruptcy Court for authority to retain the services of any other professionals, as necessary.

**General**

**BE IT RESOLVED**, that all acts lawfully done or actions lawfully taken by any Authorized Officer of the Company to seek relief on behalf of the Company under chapter 11 of the Bankruptcy Code or in connection with the Chapter 11 Cases in connection with such

proceedings, or any matter related thereof, be, and hereby are, adopted, ratified, confirmed, and approved in all respects as the acts and deeds of the Company;

**BE IT FURTHER RESOLVED**, that the Authorized Officers be, and each of them hereby is, authorized, empowered, and directed, in the name and on behalf of the Company, to cause the Company to take any action, as in the judgment of such Authorized Officer shall be or become necessary, proper, and desirable, to cause each of the other Hexion Parties to take any action necessary, proper, and desirable to put into effect the purposes of the foregoing resolutions and the transactions contemplated by these resolutions;

**BE IT FURTHER RESOLVED**, that the Authorized Officers be, and each of them hereby is, authorized, empowered, and directed, in the name and on behalf of the Company, to cause the Company to enter into, execute, deliver, certify, file, and/or record and perform such agreements, instruments, motions, affidavits, applications for approvals or ruling of governmental or regulatory authorities, certificates, or other documents, to incur all such fees and expenses and to take such other action, as in the judgment of such Authorized Officer shall be or become necessary, proper and desirable to prosecute to a successful completion of the Chapter 11 Cases, and to carry out and put into effect the purposes of the foregoing resolutions and the transactions contemplated by these resolutions;

**BE IT FURTHER RESOLVED**, that the Authorized Officers be, and each of them hereby is, authorized and empowered, with full power of delegation, for and in the name and on behalf of the Company to amend, supplement or otherwise modify from time to time the terms of any documents, certificates, instruments, agreements, or other writings referred to in the foregoing resolutions;

**BE IT FURTHER RESOLVED**, that the Authorized Officers be, and each of them hereby is, authorized and empowered, with full power of delegation, for and in the name and on behalf of each of the other Hexion Parties, to execute and authorize and take such other actions that are deemed necessary and advisable, with respect to any documents, certificates, instruments, agreements, or other writings referred to in the foregoing resolutions;

**BE IT FURTHER RESOLVED**, that all acts, actions, and transactions that are consistent with the foregoing resolutions done in the name of and on behalf of the Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before these resolutions were certified, are hereby adopted, ratified, confirmed, and approved in all respects as the acts and deeds of the Company; and

Any facsimile or other electronic signature of the Member to these resolutions shall be fully effective as an original signature hereto. Upon execution of these resolutions, the undersigned hereby directs that these resolutions be filed in the Company's minute book.

[SIGNATURE PAGE FOLLOWS.]

**IN WITNESS WHEREOF**, the undersigned has signed this consent on the date first written above.

LAWTER INTERNATIONAL INC.

By: _____
Name: Douglas A. Johns
Title: Executive Vice President
    & Secretary

BEING THE SOLE MEMBER OF HEXION CI HOLDING COMPANY (CHINA) LLC